E-FILED
Monday, 22 September, 2014 11:11:04 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **CRAIG E. STONE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 11-3316 |
| | ) | |
| **COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is the Report and Recommendation of the Magistrate Judge [d/e 19] denying summary judgment in favor of the Plaintiff, Craig Stone, and granting summary judgment in favor of the Defendant, the Commissioner of Social Security. The Plaintiff filed objections to that recommendation [d/e 20], and the Commissioner filed a response to those objections [d/e 21]. The Court has conducted a de novo review of the objected-to portions of the report and recommendation, see 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3), and has reviewed the other portions of the report

and recommendation for clear error.  See Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

The Magistrate Judge's role was simply to determine whether the decision of the Administrative Law Judge (ALJ) was supported by substantial evidence.  Substantial evidence refers to "such relevant evidence as a reasonable mind might accept as adequate" to support the ALJ's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  If the ALJ's decision had such support, the Court must accept his findings, and cannot substitute its judgment for that of the ALJ.  Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986).  Furthermore, the Court cannot review the ALJ's credibility determinations unless they lack any explanation or support in the record.  Elder v. Astrue, 529 F.3d 408, 413-14 (7th Cir. 2008).

The Court agrees with the Magistrate Judge that the ALJ's decision was supported by substantial evidence.  The ALJ found the reports of Dr. Raymond Leung, Dr. Stephen Weiss, and the occupational therapist, Rebecca Roddick, regarding Mr. Stone's ability to work, to be more credible than Dr. Mark Savage's reports and Mr. Stone's testimony.  This credibility determination—between

two opposing opinions about Mr. Stone's functional capacity—was one for the ALJ to make. Since the ALJ's decision to weigh the testimony of Drs. Leung and Weiss and Ms. Roddick more heavily than that of Dr. Savage and Mr. Stone was supported by the record, the decision cannot be disturbed by this Court. See Delgado, 782 F.2d at 82; Elder, 529 F.3d at 413-14. Furthermore, the Court can only review Mr. Stone's condition at the time of his hearings before the ALJ in January and June of 2009, so the Court cannot take Mr. Stone's correspondence regarding his condition later in time into account in making my determination.

Therefore, while the Court is sympathetic to Mr. Stone's plight, and finds his condition regrettable, the Court hereby ADOPTS the Recommendation of the Magistrate Judge. Accordingly, the Plaintiff's motion for summary judgment [d/e 14] is DENIED, the Defendant's motion for summary judgment [d/e 16] is GRANTED, and the Plaintiff's case is hereby DISMISSED. The Court notes that while I could not take Mr. Stone's correspondence regarding his current condition into account in reaching my decision, if Mr. Stone believes that his condition and mobility have worsened since the

time of his hearing, he can submit a new application for social security disability benefits and raise those issues in that application.

ENTER: September 22, 2014.

/s Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE